## IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

|                                                  |   |                        |
|--------------------------------------------------|---|------------------------|
| **RICK BJORKLUND,**                              | ) |                        |
|                                                  | ) |                        |
| **Plaintiff,**                                   | ) |                        |
|                                                  | ) |                        |
| **v.**                                           | ) | **No. 08-CV-424-TCK-PJC** |
|                                                  | ) |                        |
| **RANDI MILLER, individually and in**            | ) |                        |
| **her official capacity as former Chairperson and** | ) |                        |
| **current Member of the Tulsa County Public**    | ) |                        |
| **Facilities Authority,**                        | ) |                        |
|                                                  | ) |                        |
| **Defendant.**                                   | ) |                        |

## OPINION AND ORDER

The Court finds it necessary to correct one aspect of its March 15, 2011 Opinion and Order ("Order").[1] In Part V.D, the Court held that Defendants demonstrated that Plaintiff would have been terminated even if Plaintiff had been afforded an impartial tribunal, *i.e.*, one that did not include Miller. Based on this holding, the Court concluded in Part VII that "Plaintiff [was] not entitled to any money damages as a matter of law" on the § 1983 Property Interest claim.

The Court maintains its holding in Part V.D that Defendants satisfied their burden of showing the lack of any causal connection between the termination and the alleged failure to provide adequate process. However, the Court now believes that its conclusion in Part VII was too broad. In *Montgomery v. City of Ardmore*, 365 F.3d 926, 937 (10th Cir. 2004), the court explained:

> Generally, damages for procedural due process violations may include damages arising out of the termination of employment if there is a causal connection between the termination and the failure to provide a hearing. However, if the employer can establish that the employee would have been terminated even if a proper hearing had been given, the terminated employee cannot receive damages stemming from the

---

[1] Such Order is incorporated herein by reference, and the Court utilizes the same abbreviations and short names identified in the Order.

termination in an action for a procedural due process violation. *However, even if an employer satisfies this burden, the employee may still obtain damages for emotional distress attributable to the deficiencies in procedure if the employee can convince the trier of fact that the distress is attributable to the denial of procedural due process itself rather than to the justified termination.*

(emphasis added) (all internal citations and quotations omitted). The last sentence indicates that some damages may still be available, notwithstanding the Court's conclusion in Part V.D.

Accordingly, Part V.D and Part VII are hereby amended as follows. For the reasons explained in Part V.D, any "damages stemming from [Plaintiff's] termination" are not recoverable on Plaintiff's § 1983 Property Interest Claim. However, Plaintiff may recover "damages for emotional distress attributable to the deficiencies in procedure" if Plaintiff "can convince the trier of fact that the distress is attributable to the denial of procedural due process itself rather than to the justified termination." *See Montgomery*, 365 F.3d at 937. Thus, money damages are not entirely precluded on Plaintiff's § 1983 Property Interest Claim.

This Opinion and Order necessitates changes to the pretrial order and likely necessitates changes to the parties' proposed instructions. The parties are ORDERED to submit a revised proposed pretrial order no later than Monday, November 5, 2012, at 4:00 pm.[2] The parties may submit any revised jury instructions no later than Friday, November 9, 2012.

---

[2] The Court has concerns about the inclusion of Plaintiff's issue of law 6 and questions of fact 6-12. If these remain in the revised proposed pretrial order, the parties shall be prepared to discuss them at the pretrial conference.

At the pretrial conference, the parties should be prepared to discuss (1) the relevance of the testimony of Plaintiff's expert Sandra Henderson-Flippo; (2) the pending motions in limine; and (3) the last two elements of Defendant's proposed Jury Instruction No.  22.

ORDERED this 2nd day of November, 2012.

**TERENCE KERN**
**United States District Judge**